IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEWAYNE MARCUS MICKLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-3090-JWB-GEB |
| | ) |
| **JONATHAN BOND, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff LeWayne Marcus Mickles filed this civil rights complaint on March 25, 2021 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was housed at the Wyandotte County Jail in Kansas City, Kansas. (ECF No. 1.) On April 20, 2021, the Court entered an Order granting Plaintiff's motion to proceed in this matter without the prepayment of the filing fee. (ECF No. 4.) On May 14, 2021, the Court entered another order, directing the clerk of court to prepare waiver of service forms for Defendants, to be served upon Defendants at no cost to Plaintiff. (ECF No. 5.) Waivers of service were issued to all three defendants: 1) Jonathan Bond, 2) Jonathan Cortes, and 3) (fnu) (lnu), a/k/a LaLa—all Deputy Sheriffs in Wyandotte County. On June 14, 2021, executed waivers were filed by defendants Bond and Cortes. (ECF Nos. 11, 12.)

On June 10, 2021, the waiver of service was returned unexecuted for Defendant (fnu) (lnu), a/k/a LaLa. (ECF No. 10.) The Wyandotte County Sheriff's Legal Advisor indicated the Sheriff's Office received the waiver of service form but was "unable to

identify this person based on the information provided." (*Id.*) The Sheriff's Office "wish[es] to avoid unnecessary costs of service of summons, but need[s] more identifying information for this defendant." (*Id.*)

Plaintiff has the responsibility to provide the Court or the Marshals Service with the information of all Defendants' addresses for service.[1] Therefore, Plaintiff should show good cause why Defendant (fnu) (lnu), a/k/a LaLa, should not be dismissed for Plaintiff's failure to provide sufficient identifying information for Defendant (fnu) (lnu), a/k/a LaLa.

**IT IS THEREFORE ORDERED** that Plaintiff shall have until **July 14, 2021**, to either provide sufficient identifying information for Defendant (fnu) (lnu), a/k/a LaLa, or show good cause why Defendant (fnu) (lnu), a/k/a LaLa should not be dismissed for Plaintiff's failure to provide sufficient identifying information for this Defendant.

**IT IS FURTHER ORDERED** that the Wyandotte County Sheriff's Office is requested to provide under seal to the undersigned any identifying information and, if at all possible, the last known addresses for Defendant (fnu) (lnu), a/k/a LaLa, allegedly a Deputy Sheriff at the time of the incident in question. The Complaint, provided through executed service to defendants Bond and Cortes, gives the date of Plaintiff's alleged assault and the identification of the other Defendants on duty at the same time. This should provide sufficient context for the County to identify the unnamed deputy.

---

[1] *See Folsom v. Grice*, No. CIV-17-1024-D, 2018 WL 5904508, at *2–3 (W.D. Okla. Oct. 26, 2018); *Nichols v. Schmidling*, No. 10-2086-JAR, 2012 WL 10350, at *2 (D. Kan. Jan. 3, 2012) ("A plaintiff must cooperate with the Marshals Service and take reasonable steps to identify the defendant by name and address so that service can be accomplished.") (citations omitted).

3

**IT IS SO ORDERED.**

Dated June 14, 2021, in Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

3