IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LEWAYNE MARCUS MICKLES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 21-3090-JWB-GEB |
| | ) |
| **JONATHAN BOND, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## ORDER

Plaintiff LeWayne Marcus Mickles filed this civil rights complaint on March 25, 2021 pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was housed at the Wyandotte County Jail in Kansas City, Kansas. (ECF No. 1.) On April 20, 2021, the Court entered an Order granting Plaintiff's motion to proceed in this matter without the prepayment of the filing fee. (ECF No. 4.) On May 14, 2021, the Court entered another order, directing the clerk of court to prepare waiver of service forms for Defendants, to be served upon Defendants at no cost to Plaintiff. (ECF No. 5.) Waivers of service were issued to all three defendants: 1) Jonathan Bond, 2) Jonathan Cortes, and 3) (fnu) (lnu), a/k/a LaLa—all Deputy Sheriffs in Wyandotte County. On June 14, 2021, executed waivers were filed by defendants Bond and Cortes. (ECF Nos. 11, 12.)

On June 10, 2021, the waiver of service was returned unexecuted for Defendant (fnu) (lnu), a/k/a LaLa. (ECF No. 10.) The Wyandotte County Sheriff's Legal Advisor indicated the Sheriff's Office received the waiver of service form but was "unable to

identify this person based on the information provided." (*Id.*) The Sheriff's Office "wish[es] to avoid unnecessary costs of service of summons, but need[s] more identifying information for this defendant." (*Id.*)

Because it is ultimately Plaintiff's burden to provide the Court or the Marshals Service with the information of all Defendants' addresses for service,[1] Plaintiff was ordered to show cause by July 14, 2021, why Defendant (fnu) (lnu), a/k/a LaLa, should not be dismissed for Plaintiff's failure to provide sufficient identifying information for Defendant (fnu) (lnu), a/k/a LaLa. (Notice and Order, ECF No. 13.) Plaintiff has not responded to this Notice.

However, in the same Notice and Order, the Wyandotte County Sheriff's Office was asked to provide under seal to the undersigned any identifying information and, if at all possible, the last known addresses for Defendant (fnu) (lnu), a/k/a LaLa, allegedly a Deputy Sheriff at the time of the incident in question. As noted in the prior order, the Complaint, provided through executed service to defendants Bond and Cortes, gives the date of Plaintiff's alleged assault and the identification of the other defendant deputies on duty at the same time. The Court notes this would provide sufficient context for the County to identify the unnamed deputy. The Court requested such information under seal in an abundance of caution, in the event the individual was no longer employed by the Sheriff's Office and/or a home address was provided. (*See* Order, ECF No. 13.)

---

[1] *See Folsom v. Grice*, No. CIV-17-1024-D, 2018 WL 5904508, at *2–3 (W.D. Okla. Oct. 26, 2018); *Nichols v. Schmidling*, No. 10-2086-JAR, 2012 WL 10350, at *2 (D. Kan. Jan. 3, 2012) ("A plaintiff must cooperate with the Marshals Service and take reasonable steps to identify the defendant by name and address so that service can be accomplished.") (citations omitted).

On June 30, 2021, the Sheriff's Office "identified an individual whose name bears some resemblance to 'Lala'" and provided that information, identifying Richard Lara as a current employee of the Sheriff's Office, with the only address information being the Sheriff's Office address. (ECF No. 14, 14-1, *sealed*.)

Therefore, the Court finds it unnecessary for Plaintiff to show cause regarding the unnamed Defendant, and Plaintiff's duty to do so is relieved.

The Court directs the Clerk to prepare the waiver of service form pursuant to Rule 4(d) of the Federal Rules of Civil Procedure to be served upon Richard Lara at the address contained in ECF No. 14-1. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs.

The Court further directs the Clerk to substitute "Richard Lara" for defendant "(fnu) (lnu) a/k/a LaLa" on the docket.

**IT IS SO ORDERED.**

Dated July 23, 2021, in Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
