IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEWAYNE MARCUS MICKLES,** )
)
Plaintiff, )
)
v. ) Case No. 21-3090-JWB-GEB
)
**JONATHAN BOND, et al.,** )
)
Defendants. )
)
_____ )

**MEMORANDUM AND ORDER**

The matters before the Court center around the time in which a Martinez Report should be filed, and whether an accompanying exhibit should be filed under seal and conventionally.

Specifically, on March 29, 2022, Defendants filed a Motion for Extension of Time To File Martinez Report (**ECF No. 32.**) And, on March 30, 2022, Defendants sought Motion for Leave to File "Exhibit A" to the "Martinez Report" Under Seal and Conventionally. (**ECF No. 33**.) Plaintiff objects to the Martinez Report being filed under seal and conventionally (**ECF No. 34**.) For the reasons stated below, the Motion For Extension of Time to File Martinez Report is **GRANTED, in part,** and the Motion for Leave to File "Exhibit A" to the "Martinez Report" is **GRANTED in part and DENIED in part. That portion of the motion, which is DENIED, is without prejudice to refiling**.

**I.    Background**

Plaintiff, an inmate in the Kansas Department of Corrections filed this 42 U.S.C. § 1983 action against Defendants alleging violations of his Prisoner Civil Rights. Specifically, Plaintiff

alleges assault and battery, use of excessive force, and aiding assault and battery by use of excessive force by the Defendants. Pursuant to *Martinez v. Aaron,*[1] a court may order Defendants to investigate an incident related to the underlying cause of Plaintiff's lawsuit and submit a report of their investigation for purposes of determining the merits of the claim. The Court ordered such a report be filed in this case no later than March 31, 2022. Prior to the deadline to submit the Martinez Report, Defendants requested an extension, and they requested an exhibit to the Martinez Report be filed under seal and conventionally. Each motion will be addressed in turn.

  **A. Motion For Extension of Time To File Martinez Report**

Regarding Defendants' request to extend the time to file the Martinez Report to April 30, the deadline to object to such a request has run. As such, the motion is deemed unopposed. The Court may grant the motion as uncontested without further notice pursuant to D. Kan. R. 7.4(b). Therefore, plaintiff's Motion For Extension of Time To File Martinez Report is **GRANTED in part** in that Defendants shall file the Martinez Report on or before May 2, 2022 as opposed to their request of April 30, 2022, a Saturday.

  **B. Motion for Leave to File "Exhibit A" to the "Martinez Report" Under Seal and Conventionally.**

Without citing any authority, Defendants, in their motion, request an exhibit to the Martinez Report, consisting of a video be filed under seal and "conventionally" on the basis that the video is confidential, "and/or private in nature,"[2] it contains security footage and "should not be available for viewing by the general public."[3] Defendants do not, however, seek to preclude Plaintiff from viewing the video. Rather, they simply argue Kansas Department of Corrections Regulations,

---

[1] 570 F.2d 317, 319-20 (10th Cir. 1978).
[2] ECF No. 33, ¶ 1.
[3] *Id.*

without citing any specific regulation precludes Plaintiff from possessing and viewing the video on his own.

The undersigned is not fully able to discern *pro se* Plaintiff's reasons for objection to Defendants' request other than to say he cites various constitutional reasons, and because the security footage video may establish an individual who viewed the security footage video as a witness.[4]

Notwithstanding, "[i]t is well settled that federal courts recognize a common-law right of access to judicial records."[5] The right of access derives from the public's interest "in understanding disputes presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[6] However, the public's right of access is not absolute.[7] "Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion."[8] "In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof."[9]

The party seeking to overcome the strong presumption of public access must show the "countervailing interests heavily outweigh" the public interest in access to court proceedings and

---

[4] ECF No. 34, ¶ 1-3
[5] *Carefusion 213, LLC v. Pro. Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (internal citations omitted).
[6] *Id.* (citing *Worford v. City of Topeka,* No. 03-2450-JWL, 2004 WL 316073, at *1 (Feb. 17, 2004)).
[7] *Id.* (citing *Stapp v. Overnite Transp. Co*., No. 96-2320-GTV,1998 WL 229538, at *1 (D. Kan. April 10, 1998)).
[8] *Id.*
[9] *Id*.

documents.[10] To do so, "[t]he parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process."[11]

Here, Defendants request the Court permit an exhibit to be filed under seal without any controlling or persuasive authority in support thereof. Nor do Defendants cite an articulable reason as to how any interest in non-disclosure heavily outweighs the public interest in open courts. And this Court will not assume the same. The Plaintiff, a prisoner in the Kansas Department of Corrections (KDOC), claims he was assaulted and battered by members of the KDOC, and others aided and abetted such actions. Without any articulable reason, the Court is unable to discern why a non-descript security footage video should be filed under seal. As it stands currently, it is the view of the Court the public has a particular interest in how the Court resolves the factual and legal matters in this case. Without any argument from Defendants as to how non-disclosure of the video heavily outweighs the public's interest in access to the video, the Court declines to seal "Exhibit A" to the Martinez Report, but it does so without prejudice.

However, the Court's Administrative Procedures provide a party may seek an order allowing the party to conventionally file exhibits that cannot be submitted as a PDF image. The Court **GRANTS** Defendants' motion to conventionally file Exhibit A to the Martinez Report. Defendants are directed to contact the Court Clerk's office to coordinate conventional filing of same.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Leave to File "Exhibit A" to the "Martinez Report" Under Seal and Conventionally (**ECF No. 33**), is **GRANTED in part and**

---

[10] *United States v. Bacon,* 950 F.3d 1286, 1293 (10th Cir. 2020) (quoting *Colony Ins. Co. v. Burke,* 698 F.3d 1222, 1241 (10th Cir. 2012)).
[11] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012).

**DENIED in part** for the reasons stated herein. **The portion of the motion that is DENIED, is without prejudice** to refiling.

**IT IS FURTHER ORDERED** that a copy of this Memorandum and Order shall be mailed to Plaintiff by certified mail. The Defendants shall file the Martinez Report no later than **May 2, 2022**, but are permitted to file Exhibit A conventionally.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of April, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge