IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEWAYNE MARCUS MICKLES,

        Plaintiff,

v.                                                                              Case No.  21-3090-JWB

JONATHAN BOND, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendants' motion to dismiss or, in the alternative, motion for summary judgment and memorandum in support.  (Docs. 73, 75.)   Plaintiff, who is appearing pro se, failed to file a response to the motion.  For the reasons stated herein, Defendants' motion is GRANTED.

**I.**     **Facts**

The following facts are taken from the motion for summary judgment.  Under this court's local rules, facts set forth in a motion for summary judgment are deemed uncontroverted if they are supported by evidence and the opposing party fails to controvert the facts.  D. Kan. R. 56.1.  Here, Plaintiff was provided notice of Defendants' motion for summary judgment.  (Doc. 74.)  Plaintiff was also informed that the facts will be deemed uncontroverted if he fails to respond.  (*Id.*)  As a result, the supported facts set forth in Defendants' motion are uncontroverted.

Plaintiff is a Kansas state prisoner who is currently confined in the Lansing Correctional Facility.  At the time of the allegations in the complaint, he was confined at the Wyandotte County Adult Detention Center (the "detention center").  On March 27, 2019, Plaintiff was housed in F

Pod at the detention center but was scheduled to be transferred to another facility for temporary housing, which is referred to as a "farmout."  Plaintiff was instructed by the deputies to pack up his belongings and prepare for farmout.  Plaintiff, however, refused and told the deputies that they were "going to have to fight him."  (Doc. 75-1 at 7.)  Plaintiff was then put in hand restraints and escorted to intake.  Deputies Bond, Lara, and Cortes were involved in escorting Plaintiff to intake. *Id.* at 13.  After Plaintiff was placed in restraints, he was verbally aggressive and tensed his upper body to make it difficult to escort him. *Id.*  Plaintiff repeatedly refused to comply with the deputies' directives to face the wall, continued to flex his body, and turned away in resistance.  The deputies utilized muscling techniques to gain Plaintiff's cooperation. *Id.*  Leg restraints were applied to Plaintiff and the deputies placed Plaintiff on the floor due to his continued resistance.  After the deputies gained control of Plaintiff, he was assisted to an upright position.  Bond helped escort Plaintiff to the elevator.  Plaintiff then fell down to the floor after his restraints got entangled with his feet and Bond.  Plaintiff was helped up and moved again towards the elevator.  Plaintiff continued to resist and refuse commands. *Id.* at 13–15.  Plaintiff "became dead weight and dropped to the floor again." *Id.* at 15.  After the incident, Plaintiff was evaluated by medical officials during which he made complaints of generalized pain and was provided pain medication.  A small abrasion was noted on his right wrist. *Id.* at 9.  No further injuries were reported or visible.  After the incident, Plaintiff made no further complaints of pain or injury.

On March 25, 2021, Plaintiff filed a complaint against Defendants asserting claims under 42 U.S.C. § 1983 and Kansas state law.  Plaintiff alleges that all three Defendants violated his right to be free from excessive force.  Plaintiff asserts that Deputy Bond punched him and stepped on his shackles to cause pain.  Plaintiff alleges that Deputies Cortes and Lara held him while Bond engaged in this assault.  Plaintiff also brings state law claims of assault and battery against

Defendants.   (Doc. 1.)   Defendants now move for dismissal or, in the alternative, summary judgment on the basis that Plaintiff's state law claims are barred by the statute of limitations and that he failed to provide notice under state law.   Defendants further move for summary judgment on the excessive force claims on the basis of qualified immunity.   Plaintiff has failed to respond to the motion.

## II.   Standard

Pro Se Status.   The court is mindful that Plaintiff appears pro se.   As a pro se litigant, Plaintiff's pleadings are to be construed liberally.   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, this does not alleviate Plaintiff's burden of coming forward with evidence to support his claims as required by Federal Rule of Civil Procedure 56 and Local Rule 56.1. *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Even pro se plaintiffs must present some "specific factual support" for their allegations.   *Id.*   Further, the court may not assume the role of advocate for the pro se litigant.   *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999).

Summary Judgment.   Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a).   "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986) (emphases in original).   "A fact is material if, under the governing law, it could have an effect on the outcome of the lawsuit.   A dispute over a material fact is genuine if a rational jury could find in favor of the nonmoving party on the evidence presented." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1189 (10th Cir. 2020) (quoting *Jones v. Norton*, 809 F.3d 564,

573 (10th Cir. 2015)).  Conclusory allegations are not sufficient to create a dispute as to an issue of material fact.  *See Hall*, 935 F.2d at 1110.  When facing summary judgment, a plaintiff cannot rest upon his complaint to satisfy his burden.  *Anderson*, 477 U.S. at 256.  The court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

Section 1983 Qualified Immunity.     Defendants move for summary judgment on the basis of qualified immunity.  "Individual defendants named in a § 1983 action may raise a defense of qualified immunity."  *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law."  *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted).  When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct."  *Cillo*, 739 F.3d at 460.  On summary judgment, a plaintiff cannot rest on the pleadings and the court is to look to the evidence submitted on summary judgment in deciding the issue of qualified immunity.  *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996).

III.   **Analysis**

A.  **State Law Claims**

In his complaint, Plaintiff alleges claims of assault and battery against Bond and claims of aiding assault and battery against Cortes and Lara.  Defendants move to dismiss these claims on the basis that they are barred by the statute of limitations.  Kansas law requires that any action for assault or battery be brought within one year from the date of the incident.  K.S.A. 60–514(b). Plaintiff's complaint alleges that the incident occurred on March 27, 2019.  This action was filed

4

on March 25, 2021. (Doc. 1.)  As such, Plaintiff's state law claims of assault and battery are barred by the statute of limitations and, therefore, dismissed.

### B.  Excessive Force

Next, Defendants move for summary judgment on Plaintiff's claim of excessive force. Defendants argue that Plaintiff's allegations do not establish a constitutional violation and that Plaintiff has failed to show that the right to be free from the force used in these circumstances was clearly established.

Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth Amendments, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force.  *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citing *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020)).  Plaintiff's complaint does not identify his status nor does he allege that his rights were violated under a certain constitutional amendment.  Based on the *Martinez* Report (Doc. 42 at 3), Plaintiff was a pretrial detainee at the time of this incident, so his claim is subject to a standard of objective reasonableness under the Fourteenth Amendment.  *See Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015) (A pretrial detainee alleging excessive force must show that force used against him was objectively unreasonable.)

Objective reasonableness turns on the facts and circumstances of each particular case. *Rowell v. Bd. of Cty. Commissioners of Muskogee Cty., Oklahoma*, 978 F.3d 1165, 1171 (10th Cir. 2020) (citing *Kingsley*, 576 U.S. at 397).  Courts make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.  *Id.* (citing *Kingsley,* 576 U.S. at 397).  "The analysis must account for the 'legitimate interests that stem from the government's need to manage the facility in which the

individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security.'" *Id.* (quoting *Kingsley,* 576 U.S. at 397). Factors that may bear on the reasonableness or unreasonableness of the force used include (but are not limited to): "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley,* 576 U.S. at 397.

Defendant Bond

Plaintiff alleges that Bond punched him in the elevator, pulled his injured leg while cuffing his ankles, stomped on his shackles knowing that Plaintiff was injured, and then hit him in the back of the head causing him to fall. (Doc. 1-1 at 1–2.) Plaintiff further alleges that he was not resisting during this time period and was fully compliant. Defendants, however, have put forth evidence on summary judgment that Plaintiff was failing to comply with their commands and continually resisting the deputies' attempts to escort Plaintiff to intake. Plaintiff has failed to respond to the motion for summary judgment. Plaintiff cannot rely on his complaint in the face of the evidence produced by Defendants. *Anderson*, 477 U.S. at 256.

In support of the motion for summary judgment, Defendants argue that the force used in the transport was reasonable due to Plaintiff's failure to comply. The court agrees. The uncontroverted evidence and the video shows the deputies had to turn and maneuver Plaintiff when he did not comply with their demands and, at times, Plaintiff appeared rigid. (Doc. 44, Exhibit A to *Martinez* Report.) The deputies also placed Plaintiff on the floor after putting on the leg restraints because Plaintiff was being non-compliant. With respect to Plaintiff's later fall to the

floor, the uncontroverted evidence shows that this was the result of an accident and not an intentional use of force by Bond.  *See Kingsley*, 576 U.S. at 396 ("Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim.")  Further, there is no evidence that Plaintiff suffered any serious injury as a result of the incident.  Rather, Plaintiff only had a small abrasion on his wrist and did not complain of any further injury after the incident.

After review of the factors set forth herein, the court finds that the use of force by Bond was reasonable.  Bond and the other deputies used force that was reasonable to obtain Plaintiff's compliance.  Plaintiff was resisting the deputies' attempts to get him to go to intake and comply with the farmout.  Plaintiff was actively resisting during the interaction.  Further, Plaintiff's very minor injury supports a finding that the use of force was reasonable.  Plaintiff has failed to introduce any evidence that the use of force was unreasonable here.  Contrary to Plaintiff's assertion, there is no evidence that Bond punched Plaintiff in the head.  Further, this assertion is blatantly contradicted by the video in this case such that no reasonable jury could believe it.  *See York v. City of Las Cruces*, 523 F.3d 1205, 1210 (10th Cir. 2008) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

The court finds that the use of force in this case was proportional and reasonable given Plaintiff's physical resistance.  *See Youbyoung Park v. Gaitan*, 680 F. App'x 724, 740 (10th Cir. 2017).  Even assuming that a reasonable jury could find that the use of force was excessive, Plaintiff has failed to meet his burden of showing that Bond's actions violated clearly established law.  *See Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013) (Gorsuch, J.) (finding district court's grant of summary judgment to defendants when plaintiff failed to respond to qualified immunity defense "unassailable" because burden was on plaintiff).

Therefore, Bond's motion for summary judgment based on qualified immunity is granted.

Defendants Cortes and Lara

Plaintiff asserts a § 1983 claim against Defendants Cortes and Lara for failing to intervene during Bond's use of force.  It is clearly established as of March 2019, that "an officer who fails to intervene to prevent a fellow officer's excessive use of force may be liable under § 1983." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).  Here, the court has determined that the use of force by Bond was reasonable.  Therefore, Defendants' Cortes and Lara cannot be liable for failing to intervene and are entitled to qualified immunity.  *See Serrano v. United States*, 766 F. App'x 561, 570 (10th Cir. 2019).

Defendants' motion for summary judgment on Plaintiff's claims against Cortes and Lara is granted.

**IV.    Conclusion**

Defendants' motion (Doc. 73) to dismiss or, in the alternative for summary judgment, is GRANTED.  Defendants' motion for judgment (Doc. 63) is MOOT.  The clerk is instructed to enter judgment in favor of Defendants.

IT IS SO ORDERED.  Dated this 21st day of August 2023.

        s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE